IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARQUIS LEE RAYNER,<br>　　　　Petitioner,<br><br>　　　　v.<br><br>MICHAEL OVERMYER,<br>SUPERINTENDENT OF SCI-FOREST, *et al.*,<br>　　　　Respondents. | :<br>:<br>:<br>:　Civil No. 2:18-cv-04909-JMG<br>:<br>:<br>:<br>: |

**ORDER**

**AND NOW**, this 22nd day of November, 2021, upon careful and independent consideration of the Petition for a Writ of Habeas Corpus (ECF No.1), and after review of the Report and Recommendation of United States Magistrate Judge Henry S. Perkin (ECF No. 17), Petitioner's Objection thereto (ECF No. 18), and Petitioner's Second Set of Objections (ECF No. 21) we find as follows:

1. On November 13, 2018, Marquis Lee Rayner filed a petition for a writ of habeas corpus. (ECF No. 1). The case was referred to United States Magistrate Judge Henry S. Perkin. (ECF No. 3). Judge Perkin issued a Report and Recommendation on September 1, 2021. (ECF No. 17).

2. Petitioner filed objections to the Report and Recommendation on September 9, 2021 and September 14, 2021. (ECF Nos. 18, 21). The objections raised insufficient evidence and prosecutorial and judicial misconduct claims. *Id*. The Court reviewed the record using the sufficiency standard found in *Jackson v. Virginia,* 443 U.S. 307, 315-324 (1979). Under *Jackson*, evidence is sufficient to support a conviction

if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. "A reviewing court may set aside the jury's verdict on the grounds of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Coleman v. Johnson,* 566 U.S. 650, 651 (2012). After review, the Court finds that Magistrate Judge Perkin did not err in his determination that the Superior Court's decision was not an objectively unreasonable application of *Jackson*. Petitioner also claims prosecutorial misconduct, alleging that the Assistant District Attorney for the Commonwealth made comments that violated due process. The Court agrees that Appellant's argument in this regard lacks merit. Finally, Appellant argues that the trial court violated his due process and Sixth Amendment rights by "improper interference" during the trial. The Court finds that these interruptions did not violate Petitioner's constitutional rights. The Petitioner's objections do not undermine Judge Perkin's well-reasoned Report and Recommendation.

**WHEREFORE,** it is **HEREBY ORDERED** that:

1. The Report and Recommendation of Magistrate Judge Henry S. Perkin (ECF No.17) is **APPROVED AND ADOPTED**.

2. Petitioner's Objections to the Report and Recommendation (ECF No. 18), and Petitioner's Second Set of Objections (ECF No. 21) are **OVERRULED**;

3. The Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED with prejudice**;

4. The Clerk of the Court shall mark this case **CLOSED**; and

5. The Court concurs with Judge Perkin's determination that there is probable cause to **ISSUE** a certificate of appealability with respect to Petitioner's second claim challenging the sufficiency of the evidence.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge